RAWLINSON, Circuit Judge,
dissenting:
I respectfully dissent from the majority’s decision to remand this case to the Board of Immigration Appeals (BIA) for further proceedings.
It is important to keep in mind our standard of review for BIA decisions. We must affirm BIA rulings unless the evidence compels a different outcome. See Nagoulko v. I.N.S., 333 F.3d 1012, 1018 (9th Cir.2003) (“This case like many others turns on the standard of review. Perhaps the IJ could have found past persecution on this record, but ... the IJ was not compelled to find past persecution.... ”).
The language of the majority opinion underscores the lack of compulsion. After conceding that Petitioner’s own experiences in Belarus did not rise to the level of persecution, the majority speculates that Petitioner “can establish a pattern or practice of persecution of groups of persons similarly situated and that she is a member of the group such that her fear of persecution upon return is reasonable.” Majority Opinion, p. 896 (quoting Kotasz v. INS, 31 F.3d 847, 853 n. 8 (9th Cir. 1994)) (alterations and internal quotation marks omitted). Without citing to any evidence in the record, the majority muses that “[t]his similarly situated group may be the community of Seventh Day Adventists in Belarus or Ms. Rusak’s immediate family.” Id. (citation omitted) (emphasis added). But does the record compel us to so hold? It appears not. Indeed, the record more strongly supports the BIA decision. Petitioner testified that when the police attacked her father, she was in *899 another room and the police never arrested her because she was a child. Petitioner was unaware of her father’s arrest until she was informed some time later. The same is true of when her mother was arrested. In addition, Petitioner was not a Seventh Day Adventist and, did not attend services in Belarus. Notably, the record is absolutely void of any effects upon Petitioner of the persecution inflicted upon Petitioner’s parents. Petitioner simply failed to establish that the persecution against her family was “closely tied” to her. Jie Lin v. Ashcroft, 877 F.3d 1014, 1029 (9th Cir.2004) (as amended).
More importantly, the majority completely ignores the substantial evidence in the record that Seventh Day Adventists are not currently persecuted in Belarus. The majority professes to be “unaware of any document in the record that says that Seventh Day Adventists are not currently persecuted in Belarus, nor do they contain a list of religious groups that are or are not subject to persecution.” _ Majority Opinion, p. 897. I refer the majority to page 84 of the 2005 Annual Report of the United States Commission on International Religious Freedom. The report observes that officials in Belarus “continue to harass, fine or detain adherents of various denominations” including the Greek Catholic Church, the Belarusian Orthodox Au-tocephalous Church, Evangelical Protestants, Hare Krishnas, those of the Jewish faith and Hindus. The Seventh Day Adventists are not once mentioned among the disfavored religious groups listed in the annual report. Similarly, pages 13-Í4 of the 2005 Belarus Country Report named various religious organizations that were “hindered” by the Belarusian laws restricting the practice of religion. These organizations included the “Moon Church,” the Church of Scientology, Muslims, Light of the World, the New Life Church, the Bela-rusian Evangelical Church, the Belarusian Autocephalous Orthodox Church, and the Hare Krishnas. Once again, no mention of Seventh Day Adventists can be found. Surely this evidence (or lack of evidence) did not compel a finding that Ms. Rusak established a fear of future persecution as a putative devotee of the Seventh Day Adventist denomination.
The majority also references the 2010 International Religious Freedom Report for Belarus wherein the Seventh Day Adventist denomination is labeled as a sect. See Majority Opinion, p. 898. However, labeling an organization a sect is a far cry from subjecting the organization’s members to persecution. See Fisher v. I.N.S., 79 F.3d 955, 961 (9th Cir.1996) (en banc) (“Persecution is an extreme concept, which ordinarily does not include discrimination on the basis of race or religion, as morally reprehensible as it may be.”) (citation, alteration and internal quotation marks omitted). The lack of evidence of an objective fear of future persecution dooms Petitioner’s petition for review. See Halim v. Holder, 590 F.3d 971, 976 (9th Cir. 2009) (requiring presentation of facts that would support a reasonable fear of persecution). This is particularly true of Petitioner as a nonmember of the Seventh Day Adventists, who failed to present evidence that she “faced a unique risk of persecution upon return that was distinct from ... mere membership in a disfavored group____” Id. at 979 (citation omitted).
The majority seeks to salvage Ms'. Ru-sak’s assertion that she faces future persecution in Belarus with a reference to her testimony “that she attends [Seventh Day Adventist] services regularly with her mother.” But attendance does not a member make. Indeed, Ms. Rusak never testified that she was a member of the Seventh Day Adventist denomination or that attendance is all that is required to establish membership. See e.g., The Official Site of *900 the Seventh-day Adventists, www. adventist.org/beliefs/fundamental/index. html (last visited August 7, 2013) (requiring baptism to be received as a member).
Because the evidence in this case does not compel a different outcome, I would uphold the decision of the BIA denying asylum and withholding of removal. I respectfully dissent from the majority’s deviation from the appropriate standard of review.